## Crown Slate Company v. Allen.

*Contract—Sale—Evidence—Parol evidence.*

In an action where the issue turns upon what passed by a sale of personal property, if it appears that the written contract of sale did not enumerate the items, but that they were set forth in an inventory subsequently made, it is competent to identify by parol testimony the things which passed by the purchase, or as to which the vendor was estopped by his representations from asserting title in himself.

*Corporations—Agreement to pay calls on stock.*

Where the owner of stock of a corporation promises a purchaser of the stock as an inducement for the purchase, that he will pay assessments on the stock when called, the corporation cannot maintain an action on such a promise against the promisor to recover assessments.

Argued March 11, 1901. Appeals, Nos. 217 and 311, Jan. Term, 1900, by plaintiff and defendant, from judgment of C. P. Northampton Co., Nov. T., 1897, No. 31, on verdict for plaintiff in case of Crown Slate Company v. Albert O. Allen. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Assumpsit to recover for an alleged wrongful overpayment, and for assessments on stock. Before Schuyler, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial Alfred Doney was called and sworn for plaintiff.

Examined by Mr. Kirkpatrick.

"Q. These improvements, these attachments that you speak of, forming in the way that you have already itemized, were they there in place and appearing to be part of the appliances and improvements for the purpose of operating the quarry?"

Objected to because it assumes facts which Mr. Doney cannot testify to of his own knowledge. The written agreement purports to be made by A. O. Allen, representing the Crown Slate Company, and there are no improvements to connect the Crown Slate Company with A. O. Allen, or anybody outside of it.

The Court: As I understand the plaintiff's statement in this case so far as it relates to the item under consideration, amounts to simply this: In October, 1893, the defendant sold to the plaintiff company a bill of goods; subsequently (the time is not material), whilst the defendant was treasurer of the plaintiff company, he fraudulently appropriated the sum of $3,376.48 in the payment of this bill, and the allegation of the plaintiff is that $858 of this sum—

Mr. Kirkpatrick: Was not paid for by the company; that this sum of $858 was fraudulently appropriated by the defendant in part payment of this bill; the remainder of the bill is all right; there is no dispute about that.

Mr. Kirkpatrick: I propose to prove by the witness that at the time of the making of the contract, which is signed by A. O. Allen and Lane, Doney & Company, he claimed to be the owner and sole party interested in the Crown Slate Company, and so declared, and also of all the goods, machinery and appliances for the manufacture of slate, marbleizing, etc., and that at the time of the making of the contract it was stated by him and proposed that all the machinery and appliances upon both of the properties of Lane, Doney & Company and of the Crown Slate Company, should be included as part of the improvements, and further to be put into the new consolidation, and that the machinery, improvements and appliances were to be regarded as one equivalent to the other, and should be included in the agreement for the consolidation, and that the parties only were to be paid outside of the terms of the agreement for stock of merchantable slate on the banks, powder, fuse, coal and lumber, and that upon the faith of this statement and representation

an agreement was signed and executed; this is offered for the purpose of showing what was included within the subject of the contract and as embraced within the terms of it, within the meaning of the parties and as showing that upon the faith of this representation, statement and promise on the part of Allen the contract was executed; to be followed by proof that afterwards Allen knowing that the subject-matter of the agreement was so understood and accepted by the parties, and knowing that the articles of machinery, appliances and improvements used in the operation of the Crown Slate Company were included and not to be paid for by the Crown Slate Company thereafter to be formed out of the consolidation, included in a certain inventory, articles of machinery, appliances for manufacturing, and marbleizing slate and quarrying the same, certain items such as a steam drill and fixtures, marbleizing tub and fixtures, etc., and directed the bookkeeper who was under his control and direction to enter the charge in his favor and against the company from the inventory embracing these articles, appropriated and paid to himself as the treasurer of the company a sum of money including the price of these articles of machinery, appliances, etc., amounting to the sum of $858, and that the said money was received by him and appropriated to his own use and never thereafter accounted for to the company.

Objected to by the defendant as incompetent and irrelevant, and as inter alios acta, and that it is evidence given in an action of assumpsit to support an issue sounding purely in tort, and that the paper sued upon is capable of construction upon its face, and therefore solely a question for the court's decision alone.

The Court: The objection is overruled, and bill sealed for defendant. [1 D.]

The court charged in part as follows:

[It appears that during the latter part of the year 1894, the defendant being then a creditor and at the same time the treasurer of the plaintiff company, paid to himself out of the funds of the company a large sum of money, which sum the plaintiff claims was $858 in excess of the amount due to him. This alleged excess represents the price of certain machinery, etc., which originally belonged to the defendant, but which the plain-

tiff alleges was purchased by it under a contract in writing dated October 3, 1893. But that was a contract between the plaintiff and Lane, Doney & Company to which the defendant was not a party, and it could not, therefore, operate directly to divest the defendant of his title in the machinery. The plaintiff, recognizing this difficulty, claims that the defendant is estopped by his conduct from setting up this defense. In the making of the contract the defendant acted as the plaintiff's agent. It is claimed by the plaintiff that at that time the defendant said that the contract included all the machinery on the premises, and it is undisputed that the machinery in controversy was on the premises at the time. If the defendant so stated, and the statement was the inducing cause of the contract, his title to the machinery was gone and with it his right to the $858. Whether he so stated and if so whether the statement was the inducing cause of the contract are questions of fact for your determination.] [4 D.]

[ The last item is what we have heard a good deal about, and and that is the Hussey claim. On June 20, 1892, the defendant sent the following letter to Mr. Hussey: " F. Hussey, Esq. Dear Sir: In consideration of your purchasing from me this day 250 shares of the capital stock of the Crown Slate Company, Bangor, Pa., par value $50 per share or $12,500, I agree with you to pay into the treasury on each share $4 or $1,000, immediately upon the call for same by the regular board of directors for the purpose of improvements after the new organization of said the Crown Slate Company. This $4 per share specified is on the stock held by you, namely, 250 shares.' Yours truly, A. O. Allen." You will notice this is a contract between A. O. Allen, the defendant, and F. Hussey. The general rule of law is, that no person can sue upon a contract except the parties to the contract. So far as the contract itself shows the plaintiff was not a party to that contract. There are some exceptions to the general rule which I have just stated to you, but, in my opinion, the present case does not fall within any one of these exceptions, and my instruction to you is that you cannot allow the plaintiff a credit for the $1,000 mentioned in this contract in the present action. You will, therefore, so far as the Hussey item is concerned, dispose of it by not giving the plaintiff credit for it.] [1 P.]

Verdict and judgment for plaintiff for $1,808.58. Defendant and plaintiff appealed.

*Error assigned* by plaintiff was (1 P.) portion of charge as above, quoting it.

*Errors assigned* by defendant were (1 D.) ruling on evidence, quoting the bill of exceptions as above; (4 D.) portion of charge as above, quoting it.

*W. C. Shipman*, with him *L. H. Allen, G. W. Mackey* and *H. J. Steele*, for appellant, Albert O. Allen.—The evidence of Mr. Doney should have been excluded: Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519; Hunter v. McHose, 100 Pa. 38; McCauley v. Keller, 130 Pa. 53; Ferguson v. Rafferty, 128 Pa. 337; Schotte v. Meredith, 197 Pa. 496; Union Storage Co. v. Speck, 194 Pa. 126.

No one can maintain an action ex contractu except the parties to the contract: Adams v. Kuehn, 119 Pa. 76; Kountz v. Holthouse, 85 Pa. 235; Torrens v. Campbell, 74 Pa. 470; Esling v. Zantzinger, 13 Pa. 50; Campbell v. Lacock, 40 Pa. 448.

*W. S. Kirkpatrick*, with him *N. D. Chase*, for Crown Slate Company.—Parol evidence may be admitted to explain a written agreement so far as to give identity to the subject-matter and apply the contract to it: Morris's App., 88 Pa. 368; Place v. Proctor, 2 Penny. 265; Selden v. Williams, 9 Watts, 9; Centenary M. E. Church v. Clime, 116 Pa. 146; Holmes's App., 79 Pa. 289; Galway's App., 34 Pa. 242; Buckley's App., 48 Pa. 491; Lewis v. Brewster, 57 Pa. 410; Holt v. Pie, 120 Pa. 439; Miller v. Fichthorn, 31 Pa. 252; Selser's Est., 141 Pa. 529; Krider v. Lafferty, 1 Wh. 303; Com. v. Contner, 21 Pa. 272.

The following cases furnish various illustrations of the exceptions to the general rule that a third party cannot sue on contracts between others: Townsend v. Long, 77 Pa. 143; Bellas v. Fagely, 19 Pa. 273; Delph v. Bartholomay Brewing Co., 123 Pa. 42; Vincent v. Watson, 18 Pa. 96; Torrens v. Campbell, 74 Pa. 470; Taylor v. Preston, 79 Pa. 436; Wynn v. Wood, 97 Pa. 216; Hostetter v. Hollinger, 117 Pa. 606; Merriman v. Moore, 90 Pa. 78.

OPINION BY MR. JUSTICE FELL, April 22, 1901:

These are cross-appeals and may be considered together. Allen, the appellant in the first appeal, was the owner of the principal part of the stock of the Crown Slate Company before its reorganization, and was also a member of the firm of Tinsman & Company who leased and operated its quarry. Representing the slate company he negotiated with Lane, Doney & Company, who owned an adjoining quarry, for a consolidation of the interests of both parties, to be effected by a reorganization of the company and the issuing of additional capital stock to Lane, Doney & Company in payment for the quarry they were to convey. The negotiations resulted in a written agreement for the consolidation of the properties " with all the improvements thereon." There was a verbal understanding that the personal property of Tinsman & Company, of which Allen had become the sole owner on the dissolution of the firm, should be appraised and purchased by the slate company. Allen became the treasurer of the slate company after its reorganization, and paid to himself the amount at which Tinsman & Company's property had been appraised. The plaintiff's contention at the trial was that Allen had included in the inventory certain fixtures and machinery which either were the property of the slate company, or had during the negotiations been represented as belonging to the company, and that his payment to himself of the appraised value of these items was wrongful.

This was the issue of fact raised, and the attempt upon the part of the plaintiff to establish its claim was resisted on the ground that the written agreement fixed the rights of the parties in the absence of evidence that something had been omitted from it through fraud, accident or mistake. All the specifications of error which need be considered relate to the admission of testimony offered by the plaintiff to show that certain items should not have been included, and to the failure of the court to give adequate instruction as to the standard of evidence necessary to vary a written agreement.

It was not error to admit the testimony, and there was no necessity for instructions as to the legal standard of evidence required in order to modify or alter a writing. The attempt was not to vary a written agreement. The action was not on the agreement nor between the parties to it. The inventory

was made after the agreement was executed, and the testimony objected to was offered to show that certain articles included in the inventory and for which the defendant had paid himself with the funds of the company, after he became treasurer, came properly under the head of "improvements," or were represented by the defendant as being part of the improvements which passed under the agreement. It was clearly competent to identify by parol testimony the things which passed by the purchase, or as to which the defendant was estopped by his representation from asserting title in himself.

The ground of the appeal of the Crown Slate Company was the refusal of the court to sustain its claim to recover on an agreement made by Allen with the purchasers of shares of his stock in which he obligated himself to pay to the company the amount of a call on the stock when it should be made. Several months before the reorganization of the company was effected, but at a time when it was contemplated, Allen sold 250 shares of his stock to F. Hussey, and entered into an agreement in these words: "In consideration of your purchasing from me two hundred and fifty shares (250 shares) of the capital stock of the Crown Slate Company, Bangor, Pa., par value fifty dollars ($50) per share or twelve thousand five hundred I agree with you to pay into the treasury on each share four dollars or one thousand dollars immediately upon the call for same by the regular board of directors for the purpose of improvements, after the new organization of the said The Crown Slate Company. This four dollars per share specified is on the stock held by you, viz: 250 shares." This agreement on its face was clearly not made for the benefit of the company, but as an inducement to Hussey to purchase the stock. He was the only party to be benefited by it, and the company was a stranger to both the agreement and its consideration, and could not maintain an action on it: Blymire v. Boistle, 6 Watts, 182; Guthrie v. Kerr, 85 Pa. 303; Adams v. Kuehn, 119 Pa. 76. It was sought by averments in the statement, to bring the claim within the rule that when the promisor has received money, or property to be converted into money, in trust for a third person, an action may be maintained by the latter. These averments were denied by the affidavit of defense, and no attempt was made to sustain them by proofs. A few days before the trial an

amended statement was filed, setting out more fully and particularly the facts which, it was alleged, gave rise to the trust, and it is now contended that as no answer was filed to the amended statement, the averments must be considered as admitted, and the trust thus established. It appears that the rules of court do not provide for an answer to an amended statement, and the practice has been for the court to specify the time for filing an answer when an amendment is allowed. No order was made in this case, but the court on the statement of defendant's counsel that all the averments of the amended statement were denied, directed the plea of non assumpsit to be entered. The case was not tried on the theory that the pleadings made any admission on this subject, and the point is first raised in this court. The case will be treated here as it was tried in the common pleas. The only evidence offered by the plaintiff in support of this claim was the agreement, and its right to recover depended on the legal effect to be given to it.

The judgment is affirmed.