## Keystone Auto Club Casualty Co. v. Sell

*Wisler, Pearlstine, Talone & Gerber*, for plaintiff.
*Desmond J. McTighe*, for petitioner.

FORREST, J., July 16, 1957.—This case raises the question of whether petitioner should be allowed to intervene as one whose legally enforcible interest may be affected by the determination of the action.

Plaintiff, alleging fraud, seeks the rescission of a policy of liability insurance, and sets forth in its complaint that on May 21, 1956, defendant, Sell, operated a motor vehicle which was involved in an accident causing personal injuries to petitioner, Evelyn R. Elwood, that defendant was uninsured at the time of the accident, that approximately a day later, defendant fraudulently induced one Baringer, an agent of

plaintiff, to antedate an application for defendant's liability insurance with plaintiff to May 18, 1956, that the application was filed, that in reliance thereon and without knowledge of the false and fraudulent antedating thereof, plaintiff issued a certain policy against bodily injury liability, dated May 18, 1956. It is this contract whch plaintiff seeks to have rescinded.

Petitioner filed this petition to intervene, alleging that she instituted suit against this defendant in the United States District Court, seeking to recover for personal injuries which she allegedly sustained in the accident, that Sell is execution-proof, that Sell has failed to appear and answer this present complaint; as a result of which Sell's rights against Keystone will be lost upon the entry of judgment by default herein and her rights against Keystone (when, as and if, she obtains a judgment in the United States District Court) consequently will be foreclosed unless she is permitted to intervene.

Petitioner alleges that, if she is permitted to intervene, she will assert several defenses. The first of these is that the policy "was purchased through a bona fide agent of the plaintiff" and "was bona fide policy of insurance" accepted and issued by the company and in full force and effect. An averment of the complaint which is crucial is that the policyholder committed fraud in procuring the policy. "The principal is bound by the acts of his agent whilst he acts within the scope of the deputed authority; but if, departing from that sphere, or continuing in it, he commits a fraud on his principal, a *particeps criminis* shall not profit by the fraud": Smith v. Insurance Co., 24 Pa. 320, 323 (1855).

Petitioner has not explicitly denied that Sell committed fraud in the procurement of the policy. Her averment that the policy was a "bona fide policy of in-

surance . . . purchased through a bona fide agent of the plaintiff insurance company" and "in full force and effect" is replete with conclusions of law. Her averment that "statements relied upon by the plaintiff in this action procured from the defendant, James C. Sell, were procured by coercion, threats and threat of criminal prosecution" bears upon the evidence which plaintiff may possess rather than upon the issue of whether or not Sell did collaborate with the agent of plaintiff in the commission of fraud.

Pa. R. C. P. 2328 requires that any petition for leave to intervene shall set forth "the ground on which intervention is sought" and that "the petitioner shall attach to the petition a copy of any pleading which he will file in the action if permitted to intervene. . . ." In her petition to intervene, petitioner failed to attach a proposed answer to the complaint in equity. Therefore, in answer to the clear averment of fraud contained in the complaint and substantiated by detailed, explicit and uncontradicted depositions of Sell and Baringer, there are only the vague conclusions of law set forth in the petition. These conclusions are insufficient to show that the determination of this action in equity will affect any legally enforcible interest of petitioner.

Petitioner's final contention is that she is a third party beneficiary of a contract (citing Rose & Son, Inc. v. Zurich General Accident, etc., Co., 296 Pa. 206 (1929)), and that she should be given opportunity to intervene in order to protect her right in such capacity. However: " 'Unless there is a valid contract, no rights can arise in favor of anyone . . .': 2 Williston on Contracts (revised ed.), sec. 364(a). The rule as stated in section 140 of Restatement, Contracts, is as follows: '. . . if a contract is . . . voidable . . . at the time of its formation . . . the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation' ": Williams v. Paxson Coal

Co., 346 Pa. 468, 471-72 (1943). See also Rose v. Rose, 385 Pa. 427 (1956).

And now, July 16, 1957, the petition for leave to intervene is refused and the rule is discharged. Exception to petitioner.