## Fredericks v. Hamm

*Donald G. Oyler,* for plaintiffs.
*Daniel E. Teeter,* for defendant.

MACPHAIL, P. J., January 30, 1968.—Plaintiffs have brought this suit in assumpsit against defendant to collect certain rentals and taxes alleged to be due under two "leasing" agreements attached to the complaint, involving heavy vehicular equipment, together with the costs and expenses of suit, including reasonable attorney's fees.

Defendant has filed preliminary objections in the form of a demurrer and a motion raising the question of lack of capacity to sue.

Briefs were filed and oral argument was waived.

### DEMURRER

Two reasons have been advanced for the demurrer. First, defendant argues that the leasing contracts upon which the suit is based appear to be between "B. C. Leasing, Inc., Successor to Schwartzman Associates" and defendant. Defendant says there is nothing

alleged in the complaint to show the interest of the individual plaintiffs, as such, in the contract. Secondly, defendant says the agreements are unconscionable as a matter of law. To obtain a ruling on the demurrer, defendant admits, as he must, that the allegations in plaintiffs' complaint are true but asserts that they do not state a cause of action.

As previously noted, the suit is based upon two written agreements. The only legible signature at the bottom of both agreements where the space is designated for signatures, is that of defendant, Walter J. Hamm. The printed words "Schwartzman Associates" appear at the bottom left-hand corner of the contract and there is an illegible signature underneath those words on both contracts. Faintly, to the left of that illegible signature, we can make out "B. C. Leasing" but nothing more, and no signature appears to be associated with those words at all. At the top of each contract there appears in print the following:

"Schwartzman Associates B. C. Leasing, Inc.
Lessor Successor to
1737 DeSales Street, Schwartzman Associates
Northwest, Washington 8641 Colesville Road
6, D. C. Silver Spring, Maryland
585-1335"

The suit has been brought by "Carl Fredericks and Milton B. Popeck, trading as B. C. Leasing". Nowhere on the contract do we see the name of either of the individual plaintiffs who have brought this suit.

It is fundamental that one suing upon a written contract must allege his right to do so if his name does not appear on that contract. Privity of contract must exist between plaintiffs and defendant for plaintiffs to maintain an action: Crown Slate Company v. Allen, 199 Pa. 239 (1901). Plaintiffs explain in their brief that "B. C. Leasing" is a successor to "B. C. Leasing, Inc." but that fact does not appear in the complaint

nor in the exhibits attached thereto nor in the caption of the case: Cf. Bankers Allied Mutual Insurance Company v. Lincoln Plan Corporation, 42 D. & C. 2d 241, 8 Adams 111 (1966).

Where a complaint is based upon a written contract that does not clearly show plaintiffs as parties thereto and the complaint does not explain the privity of contract between plaintiffs and defendants, the complaint then fails to show how and why plaintiffs are entitled to the relief they are seeking. Accordingly, the demurrer must be sustained.

Although it is unnecessary for us to do so, since we have sustained defendant's demurrer as to his first point, we feel obliged to comment and rule upon the second point raised by his demurrer for the future guidance of the parties to this action. Specifically, defendant demurs because the contracts are unconscionable under section 2-302 of the Uniform Commercial Code, 12A PS §2-302. Plaintiffs argue that: (1) The contracts are not unconscionable; (2) the contracts are lease agreements and not installment sales contracts; (3) the objection is an affirmative defense and under Pennsylvania Rule of Civil Procedure 1030 should be raised under the heading "New Matter" in defendant's answer.

We agree with plaintiffs' third contention. Rule 1030 says that *all* affirmative defenses shall be raised in the answer under new matter. The unconscionability of a contract is an affirmative defense. It is similar to, if not the same as "illegality", which is one of the defenses specified in the rule. Further, assuming, without specifically holding, that section 2-302 does apply to this contract, subparagraph (2) of that section states that when it is claimed that the contract may be unconscionable, the court must give the parties an opportunity to present evidence as to its commercial setting, etc. Since we are limited to what

the pleadings state in ruling upon a demurrer and we cannot rule upon the issue of unconscionability under section 2-302 (2) without hearing evidence, it follows that the demurrer based upon this reason must be overruled.

## LACK OF CAPACITY TO SUE

This objection is based upon the assertion in the preliminary objections that plaintiffs have failed to register in compliance with the Act of May 24, 1945, P.L. 967, 54 PS §28.1, et seq., commonly known as the "Fictitious Names Act". The objection may be well taken, but, at this point, the court has nothing before it to indicate whether or not plaintiffs have, in fact, registered as required by section 4 of the act prior to instituting this suit.

The preliminary objection raises a factual question. This is permissible but where it is done, "The preliminary objection thus becomes a 'complaint' subject to all the rules of pleading of the complaint, including the endorsement of a notice to plead and a verification of the new averments of fact, not of record": Goodrich-Amram §1028(c)-2. Facts pleaded in a preliminary objection are not admitted unless the objections are properly endorsed with notice to plead and no answer filed: County of Schuylkill v. Kluchinsky, 51 Schuyl. 78 (1955).

In the matter now before us, the essential fact is whether or not plaintiffs are registered as required by the Fictitious Names Act. Defendant says they are not, but the pleading in which this statement is made is not verified nor is there any notice to plead endorsed upon the preliminary objections. Plaintiffs did not answer nor were they obliged to do so. The court cannot decide the issue unless the facts are known.

Since plaintiffs are required to plead over by virtue of our ruling on the demurrer, supra, defendant may

have a second opportunity to raise this objection in a proper manner should he desire to do so. Accordingly, we will dismiss the objection without prejudice to defendant to refile the objection in a proper manner, should plaintiffs elect to file an amended complaint.

ORDER OF COURT

And now, January 30, 1968, for the reasons hereinbefore stated, defendant's preliminary objection in the nature of a demurrer is sustained. Plaintiffs are granted leave to file an amended complaint within 20 days from the date of this order. Upon their failure to do so, this action shall be dismissed and judgment entered for defendant without further order of this court.