594 A.2d 296

**Arzenia Delarosa JOHNSON, Appellee,**

v.

**PENNSYLVANIA NATIONAL INSURANCE COMPANIES, Appellant.**

Supreme Court of Pennsylvania.

Argued March 5, 1991.

Decided July 12, 1991.

Louis C. Long, Meyer Darragh Buckler Bebenek Eck & Hall, Pittsburgh, for appellant.

John Patrick Lydon, Carol Sikov Gross, Sikov and Love, P.A., Pittsburgh, for appellee.

Richard A. Stanko, Media, amicus curiae for Pennsylvania Trial Lawyers Assn.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

█ The issue before the Court is whether a person seeking uninsured motorist benefits, who was not a party to the policy of insurance under which she makes a claim, is required to submit her claim to arbitration when the policy of insurance requires disputes to be settled by arbitration. For the reasons that follow, we hold that she is required to submit her claim to arbitration.

Appellee, Ms. Johnson, allegedly sustained injuries when the taxicab in which she was a passenger was struck from behind by a "hit and run" driver. At the time of the accident, the taxicab company maintained its automobile insurance with appellant, Pennsylvania National Insurance Companies. The policy provided uninsured motorist coverage, as required by statute. The claimant made a demand for uninsured motorists benefits from the policy, which was refused by appellant. As part of that demand, Ms. Johnson requested a copy of the policy, which request was also refused.[1]

Ms. Johnson then filed suit in the Court of Common Pleas, seeking damages in excess of $25,000. Appellant filed preliminary objections, in which they claimed that the language of the policy required that Ms. Johnson pursue her claim for damages through arbitration. The trial court denied the preliminary objections, but certified to the Superior Court the question of whether the parties should be required to settle their claim via arbitration. A divided panel of the Superior Court (Judge Del Sole dissenting) upheld the decision of the trial court, 384 Pa.Super. 92, 557 A.2d 789, finding that Ms. Johnson was not required to pursue her claim through arbitration, but was permitted to maintain her action in the Court of Common Pleas. This Court granted allocatur.

The issue is a thorny one, requiring us to decide whether the matter is one of statutory interpretation, contract interpretation or a hybrid of both. Appellant argues that Ms. Johnson is a third party beneficiary, whose rights are limited by the provisions of the contract. Ms. Johnson argues that her rights are created by statute and that her right of trial cannot be abrogated by a contract she did not sign. The arguments made by each side are compelling.

---

1. We note that appellant has not disputed this allegation. We emphatically disapprove of such behavior and would be inclined to award appellee the costs of proceeding with the lawsuit, as that was evidently the only way in which appellee would have been able to discover the terms of the policy in question. However, appellee has made no such claim for costs in this matter.

The right to uninsured motorist benefits is created by statute. The Motor Vehicle Financial Responsibility Act ("the Act"), 75 Pa.C.S. § 1701 *et seq.*, mandates that motor vehicle insurance policies which are issued or delivered in the Commonwealth for any vehicle registered or principally garaged within the Commonwealth are required to have uninsured motorist and underinsured motorist coverage.[2] The minimum amount of such coverage is also governed by statute. 75 Pa.C.S. §§ 1734 and 1715. The Act does not state whether arbitration is required for claims made under the uninsured motorist or underinsured motorist provisions of insurance policies.

Although the legislature has required that insurers provide uninsured motorist benefits in each of their policies, the right of an injured person to recover such benefits is dependent on the existence of an insurance policy. The statute addressing uninsured motorists coverage, 75 Pa.C.S. §§ 1731–1736, speaks only to the requirement that insurance policies in the Commonwealth include uninsured motorist benefit provisions. It does not provide that an injured person has a right to uninsured motorists benefits in the absence of a policy. In fact, when there is no available insurance policy benefits for a person injured in an automobile accident, the Legislature has provided for an Assigned Claims Plan under which the injured party may make a claim. *See,* 75 Pa.C.S. §§ 1751–1757.

■ It is axiomatic that when an injured party files a claim for uninsured motorist benefits under an insurance policy, there must be an existing, available policy from which to make that claim. It is furthermore evident that the injured party is bound by the contractual maximum

---

**2.** 75 Pa.C.S. § 1731(a), provides:

**General Rule.**—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are provided therein or supplemental thereto in amounts equal to the bodily injury liability coverage except as provided in section 1734 (relating to request for lower or higher limits of coverage).

available funds in such policy and cannot request damages from the insurance company in excess of the policy limits (assuming that the insurance policy meets the minimum financial limits required by statute). Thus, when an insurance policy is available, the right to the uninsured motorists benefits is provided by statute, but the maximum amount of the benefits is governed by the insurance policy. We believe this same analysis is appropriate in addressing the instant controversy concerning the requirement to arbitrate.

An injured person who makes a claim for uninsured motorist benefits under a policy to which he is not a signatory is in the category of a third party beneficiary. Historically, this Court has held that third party beneficiaries are bound by the same limitations in the contract as the signatories of that contract. The third party beneficiary cannot recover except under the terms and conditions of the contract from which he makes a claim. *Grim v. Thomas Iron Co.*, 115 Pa. 611, 8 A. 595 (1887). "[T]he rights of an alleged third party beneficiary may arise [sic] no higher than the rights of the parties to the contract and ... they are vulnerable to the same limitations which may be asserted between the promisor and the promisee." *Jewelcor Jewelers & Distributors, Inc. v. Corr*, 373 Pa.Super. 536, 553, 542 A.2d 72, 80 (1988), *appeal denied, sub nom., Granjewel Jewelers & Distributors, Inc. v. Corr*, 524 Pa. 608, 569 A.2d 1367 (1989), *citing Williams v. Paxson Coal Co.*, 346 Pa. 468, 31 A.2d 69 (1943). "When there is a contract, the right of a beneficiary is subject to any limitation imposed by the terms of the contract." Restatement (Second) of Contracts, § 309, comment b (1981).

Appellee argues, however, that a party cannot be compelled to arbitrate unless he has explicitly agreed to do so. "It is well settled that 'arbitration' is a matter of contract, and, absent an agreement between the parties to arbitrate an issue, the parties cannot be compelled to arbitrate that issue." *Lincoln System of Education v. Lincoln Assn. of Univ. Profs.*, 467 Pa. 112, 119, 354 A.2d 576, 580 (1976), *quoting Schoellhammer's Hatboro Manor, Inc. v. Local*

*Joint Executive Board of Philadelphia,* 426 Pa. 53, 58, 231 A.2d 160, 162 (1967). This correct statement of the law, however, does not compel the outcome requested by appellee. As we noted in *Lincoln System of Education,* " 'arbitration' is a matter of contract." *Id.* Here, the signatories to the insurance policy agreed to arbitration. As a third party beneficiary under that policy, the appellee's rights are "vulnerable to the same limitations which may be asserted between the promisor and the promisee." *Jewelcor Jewelers* 373 Pa. at 553, 542 A.2d at 80. Thus, appellee is bound by the limitations contained in the contract she seeks to enforce.

We also note, echoing the sentiment in *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), that appellee has paid neither premiums nor any consideration for the benefits of this insurance policy. As such, it seems inequitable to permit appellee to pick and choose those contract provisions she prefers while not granting that same latitude to the named insured.[3]

▪ Appellee argues that uninsured motorist benefits are a "right granted by the legislature and ... the courts will look to the statute and *not* to the contract language in determining not only entitlement to benefits but also the amount and manner in which the benefits will be paid." (Brief of appellee at page 8, emphasis in original). Unfortunately, the cases cited by appellee do not fully support the rather sweeping scope of that claim. Rather, these cases all reflect the courts' policy that insurers are statutorily required to provide a minimum amount of uninsured motorists coverage in each policy they write. Thus, the **right** to the uninsured motorist benefits is provided by statute, but the **method of obtaining** those benefits is governed by the

---

3. In *Utica,* 504 Pa. at 338–39, 473 A.2d at 1010–11, we stated that a mere passenger was not a specifically intended beneficiary of the policy for purposes of stacking. That case does not conflict with this holding, however, as we were referring in *Utica* solely to whether the passenger was a class one or class two insured for purposes of stacking the uninsurance policies.

insurance policy. Thus, the issue before the court is clearly a hybrid of statutory and contract interpretation.

Clearly, if there were a policy provision that was in derogation of the right provided by statute, we would deem the policy provision unenforceable. However, that is simply not the case in this situation. No one challenges the right of the signatories to the insurance policy to agree to an arbitration clause, nor is there any claim that the arbitration provision contained in the policy is contrary to any public policy. In fact, this Court has decided prior cases in which there was an agreement between the parties to arbitrate a claim for uninsured motorist benefits. *See, State Farm Mutual Auto Insurance v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978). Although the statute in question does not provide for arbitration, there is no statutory prohibition against arbitration, and in fact, this Court has repeatedly stated that public policy favors arbitration. *Mendelson v. Shrager,* 432 Pa. 383, 248 A.2d 234 (1968); *Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 331 A.2d 184 (1975). For these reasons, we are compelled to agree with appellant's position that the arbitration clause is viable and enforceable.

Accordingly, as we find that appellee is bound by the policy language requiring arbitration, we reverse the decision of the Superior Court and remand to the trial court to transfer the case to arbitration.

Reversed and remanded.

NIX, C.J., concurs in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent and in support thereof would adopt the well-considered Superior Court opinion authored by Judge Montgomery in *Johnson v. Pennsylvania National Insurance Companies,* 384 Pa.Super. 92, 557 A.2d 789 (1989). Additionally, I would find that the appellant is estopped from asserting the third-party beneficiary contract concept,

which the majority adopts, because of appellant's refusal to provide appellee with a copy of the policy. Appellee went to all of the trouble and expense of suing in Common Pleas Court solely because of appellant's obstreperousness and mendacity.