668 A.2d 1165

Richard CONWAY, Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 10, 1995.

Filed Dec. 22, 1995.

Warren Siegel, Philadelphia, for appellant.

Evelyn R. Devine, Philadelphia, for appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

DEL SOLE, Judge.

This is an appeal by Richard Conway from an Order sustaining United States Fidelity and Guaranty Company's Preliminary Objections and denying Appellant's Petition to Compel Appointment of Defense Arbitrator. We reverse.

On or about December 22, 1991, Appellant was driving an automobile owned by Constantine Janos and insured by the Appellee insurance company when he was involved in an accident with a third party. Appellant suffered serious injuries. He filed a notice of an underinsured motorist claim with Appellee. Appellant subsequently filed a Petition to Compel Appointment of Defense Arbitrator in the Court of Common Pleas of Philadelphia County which is where he resides. In response, Appellee filed Preliminary Objections challenging venue by averring that the Petition to Compel Arbitration had

been improperly filed in Philadelphia County and the arbitration had to take place in Perry County which is where Constantine Janos lived at the time that the policy was issued and/or at the time of the accident. The trial court granted the Preliminary Objections and dismissed the Petition to Compel Arbitration.

Initially, we note that Appellee has filed a Motion to Quash this appeal alleging that the trial court's Order is not final because it does not end the litigation, dispose of the case or effectively put Appellant out of court. Appellee further contends that the trial court simply refused to grant the Petition to Appoint a Defense Arbitrator because the Petition was filed improperly and the parties were forced into resolution of the underinsured motorist claim in Perry County as opposed to Philadelphia County.

■ "A final order is defined as one which: (1) disposes of all claims or of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to Appellate Rule 341(c). Pa.R.A.P., Rule 341(b), 42 Pa.C.S.A." *Puricelli v. Puricelli,* 446 Pa.Super. 493, 667 A.2d 410 (1995). Appellee correctly points out that the order in the case *sub judice* did not dispose of all claims or put Appellant out of court. However, by sustaining Appellee's preliminary objections raising venue and dismissing Appellant's petition, the trial court effectively changed venue to Perry County. Even though this order is interlocutory, it is appealable as of right pursuant to Pa.R.A.P. 311(c), 42 Pa.C.S.A., which states:

Changes of Venue, etc. An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

*See also Flaxman v. Burnett,* 393 Pa.Super. 520, 574 A.2d 1061 (1990). Therefore, the appeal is properly before us, and the motion to quash is denied.

■ Section C of the insurance policy setting forth the language governing the location of the arbitration states:

Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply.

The trial court construed that provision to mean that the "insured" refers only to Constantine Janos the sole named purchaser under the policy who resides in Blain, Perry County, Pennsylvania. The court also stated:

Conway has asserted that he is considered to be an insured under the terms of the policy and as a Philadelphia resident he is entitled to petition this Court for appointment of arbitrators. However, Conway is not seeking underinsured motorist benefits from a policy he purchased or under a policy in which he is an [sic] named insured, but from a policy purchased by Constantine Janos, a non-Philadelphia County resident. As such, Conway as a third-party beneficiary under United States Fidelity and Guarantee's policy, is therefore subject to the same rights and limitations of the named insured. *See Johnson v. PA National Insurance Companies*, 527 Pa. 504, 594 A.2d 296 (1991).

Accordingly, based on the named insured, Constantine Janos', address which is located in Perry County and the fact that the insurance policy directs that the arbitration hearing be conducted in the county in which the insured resides, this Court sustained defendant's Preliminary Objections and denied plaintiff's petition for appointment of a defense arbitrator.

Trial ct. op. dated 10–11–95 at 3–4. We disagree with the trial court's reasoning.

Part C of the insurance agreement defines the term "insured" as follows:

1. You or any "family member."

2. Any other person "occupying" "your covered auto."

3. Any person for damages that person is is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

The principles controlling the interpretation of a contract of insurance are well settled. "If the policy language is clear and unambiguous, we give effect to the language of the contract." *Bateman v. Motorists Mutual Insurance Co.*, 527 Pa. 241, 245, 590 A.2d 281, 283 (1991). Instantly, it is clear that the term "insured" includes any person occupying the insured's vehicle. If the Appellee wanted to put a limitation on where the arbitration could be held, it could have used the term "named insured" which is found in the language from the general definition section of the policy. The general definitions section of the policy explains:

A. Throughout this policy, "you" and "your" refer to:

1. The **"named insured"** shown in the Declarations; and

2. The spouse if a resident of the same household.

Since the Appellee did not use the term "you" or "named insured" in Part c(2) of the policy for underinsured motorist coverage with respect to arbitration, it did not restrict the situs of the arbitration to the policy owner's place of residence. Appellant falls within the definition of "insured" under the policy; therefore, Philadelphia is the appropriate place for the arbitration since Appellant, as the occupant of the vehicle, lives in that County.

Order vacated and case remanded for the appointment of defense arbitrator. Motion to quashed denied. Jurisdiction relinquished.