J-A07004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANE DOE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAND & STONE FRANCHISE | : | |
| CORPORATION, RUFFENACH G., LLC T/A | : | |
| HAND & STONE PHOENIXVILLE-OAKS | : | No. 2166 EDA 2020 |
| SPA, CATHERINE RUFFENACH, GERARD | : | |
| RUFFENACH, STEVEN M. WALDMAN, | : | |
| STEVEN WALDMAN MASSAGE AND | : | |
| GROUPON, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: GROUPON, INC | : | |

Appeal from the Order Entered October 5, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at No(s):
No. 200600914

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 25, 2022**

Appellant, Groupon, Inc. ("Groupon"), appeals from the October 5, 2020 Order entered in the Philadelphia County Court of Common Pleas overruling its preliminary objections to compel arbitration and stay proceedings.[1]  After careful review, we reverse.

The relevant facts and procedural history are as follows.  On June 19, 2020, Appellee, Jane Doe, filed a complaint against numerous defendants

_____

[1] This interlocutory appeal is authorized by Pa.R.A.P. 311(a)(8) (permitting an interlocutory appeal from any order that is made appealable by statute), and the Uniform Arbitration Act, 42 Pa.C.S. § 7320(a)(1), which provides that an appeal may be taken from "[a] court order denying an application to compel arbitration[.]"

including Groupon.[2]  Appellee alleged that, on June 19, 2018, Steven Waldman, a massage therapist working at Steven Waldman Massage, sexually assaulted her during a massage service.[3]  Appellee's son ("Son"), who is not a party to the lawsuit, purchased a discount voucher for the massage service from Groupon and gave it to Appellee as a Mother's Day gift.

On September 4, 2020, Groupon filed Preliminary Objections to Compel Arbitration and to Stay Proceedings.  In the preliminary objections, Groupon explained that when a customer creates an account to purchase goods and services on the Groupon platform, the customer must read and affirmatively manifest consent to Groupon's terms of use ("TOU").  Groupon further explained that when a customer purchases a voucher for services using the platform, she again must manifest consent to the same TOU before finalizing the purchase.  Relevantly, the TOU include a contractual provision requiring all disputes involving Groupon to be resolved exclusively in binding arbitration before the American Arbitration Association.  The

---

[2] Groupon is an online marketing platform used by merchants to advertise and sell their goods and services, generally at a discount.

[3] Appellee alleged, *inter alia*, that the defendants, including Groupon, were liable to her for "failing to report [] Waldman's dangerous propensities and criminal conduct to either law enforcement, the Pennsylvania State Board of Massage Therapy, and/or prospective customers in the public-at-large." Complaint, 6/19/20, at ¶ 13.

voucher also provides that "[p]urchase, use, or acceptance of this voucher constitutes acceptance of these terms [of use]."

In the preliminary objections, Groupon asserted that when Appellee presented the massage voucher to Stephen Waldman, Appellee redeemed it for the massage service. Groupon concluded that Appellee's affirmative action of redeeming the voucher demonstrated Appellee's acceptance of the terms of the voucher, including the arbitration provision. Groupon, therefore, requested that the trial court stay the case and compel arbitration as required by the TOU.

On September 24, 2020, Appellee filed a Response to Groupon's preliminary objections. In her response, Appellee denied that she had ever received, read, accepted, agreed to and/or consented to Groupon's website's TOU. She argued that she was not bound by the arbitration provision in the TOU because Son, and not Appellee, purchased the voucher and had merely sent Appellee a screenshot of the voucher via text message. She claimed that the screenshot that she redeemed for the massage service did not reference an arbitration agreement. She further denied that by redeeming the voucher, she had agreed to be bound by the TOU on Groupon's website, noting that the voucher itself did not require Appellee to review the TOU and the only reference on the voucher to Groupon's website was: "For more

information, visit http://gr.pn/deal-terms."[4]    Appellee argued that this ambiguous reference "would not alert any reasonable customer that he or she is entering into an arbitration agreement and waiving legal rights." Response, 9/24/20, at ¶ 6.

On October 5, 2020, the trial court overruled Groupon's preliminary objections to compel arbitration and stay proceedings.  On October 20, 2020, Groupon filed a Motion for Reconsideration of the court's order overruling its preliminary objections.   Relevant to the instant appeal, Groupon reasserted its claim that Appellee had a contract with Groupon and was, therefore, bound by its terms, including the TOU, regardless of whether she had read them.  Groupon also asserted that Appellee was bound by the TOU as a third-party beneficiary of the contract between Son and Groupon. Groupon further claimed that Appellee was estopped from, on the one hand, relying on the voucher as the sole basis of Groupon's duty to her while, on the other hand, denying that Groupon's TOU applied to her.

On October 28, 2020, the trial court denied Groupon's Motion for Reconsideration.

---

[4] According to Appellee, because this web link appeared in a screenshot it was disabled.

This appeal followed.[5]  Groupon raises the following three issues on appeal, which we have reordered for ease of disposition:

> [1.] Whether, even if [Appellee] is not a party to the agreement and the "deal-terms" referenced in the voucher, and even if she is not estopped from avoiding them, she is bound as a third-party beneficiary?
>
> [2.] Whether [Appellee's] use and acceptance of the voucher made her a party to the agreement and the "deal-terms" referenced in the voucher, including the arbitration agreement in the TOU?
>
> [3.] Whether, even if [Appellee] is not a party to the agreement and the "deal-terms" referenced in the voucher, she is estopped from avoiding them?

Groupon's Brief at 7.

Groupon's issues challenge the trial court's order overruling their preliminary objection to compel arbitration.  In such cases, our standard of review is as follows:

> Our review of a claim that the trial court improperly denied preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition.  We employ a two-part test to determine whether the trial court should have compelled arbitration: (1) whether a valid agreement to arbitrate exists, and (2) whether the dispute is within the scope of the agreement.

---

[5] The trial court did not order Groupon to file a Pa.R.A.P. 1925(b) Statement and did not file a Rule 1925(a) Opinion explaining the basis for its decision to overrule Groupon's preliminary objections.

*Davis v. Ctr. Mgmt. Grp.*, LLC, 192 A.3d 173, 180 (Pa. Super. 2018) (citations, quotation marks, and brackets omitted). *See also id.* at 182 ("[T]he issue of whether a party agreed to arbitrate a dispute is a threshold, jurisdictional question that must be decided by the [trial] court."). "Whether a written contract includes an arbitration agreement and whether the parties' dispute is within the scope of the arbitration agreement are questions of law subject to this Court's plenary review." *In re Estate of Atkinson*, 231 A.3d 891, 898 (Pa. Super. 2020).

> Both Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements. Accordingly, if a valid agreement to arbitrate exists and the dispute falls within the scope of the arbitration agreement, the dispute must be submitted to arbitration and the [trial] court's denial of arbitration must be reversed.

*Id.* (citations omitted); *see also Davis*, 192 A.3d at 183 n.13 (stating that, "[o]ur Supreme Court [in *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 509 (Pa. 2016)] has instructed courts to 'consider questions of arbitrability with a healthy regard for the federal policy favoring arbitration'").

In its first issue, Groupon asserts that Appellee was bound as a third-party beneficiary of the contract between Groupon and Son to submit her claims against Groupon to arbitration. Groupon's Brief at 33-39. We, thus, review whether a valid arbitration agreement exists between Groupon and Appellee.

Generally, only parties to an arbitration agreement are bound by it. However, this court has recognized that "a nonparty, such as a third-party beneficiary, may fall within the scope of an arbitration agreement if that is the parties' intent." **Pisano v. Extendicare Homes, Inc.**, 77 A.3d 651, 661 (Pa. Super. 2013) (quoting **Elwyn v. Deluca**, 48 A.3d 457, 461 (Pa. Super. 2012).

In **Johnson v. Pa. Nat. Ins. Cos.**, 594 A.2d 296, 298 (Pa. 1991), our Supreme Court held that a person who was injured while travelling as a passenger in a taxicab was a third-party beneficiary of the taxicab's automobile insurance policy. The passenger was, thus, required to submit her underinsured motorist claims under the policy to arbitration as the policy required. **Id.** at 299 (explaining that "as a third party beneficiary under that policy, the appellee's rights are vulnerable to the same limitations which may be asserted between the promisor and the promisee.") (citation and internal quotation marks omitted). The **Johnson** Court noted that a "third party beneficiary cannot recover except under the terms and conditions of the contract from which he makes a claim". **Id.** at 298-99. Stated another way, "[w]hen there is a contract, the right of a beneficiary is subject to any limitation imposed by the terms of the contract." **Id.** at 299 (quoting Restatement (Second) of Contracts, § 309, cmt. b (1981)).

Instantly, in support of its claim that the trial court erred in refusing to order this matter to arbitration, Groupon argues that not only did the parties intend for Appellee to benefit from the agreement between Groupon and

Son, but also the record demonstrates that Appellee was the **only** intended beneficiary of their agreement.[6]  Groupon's Brief at 36 (emphasis added).  Accordingly, Groupon argues that Appellee is subject to the same contractual limitations as Son, including the applicable arbitration provision.  *Id.* at 36-37.

We are constrained to agree with Groupon.  In light of the controlling case law set forth above, we conclude that Appellee was an intended third-party beneficiary of the contract between Groupon and Son.  As a third-party beneficiary of the contract, Appellee's rights were subject to any limitations imposed by its terms, including the arbitration provision.  We conclude, therefore, that the trial court erred in overruling Groupon's preliminary objections to compel the case to arbitration.[7, 8]

---

[6] Groupon emphasizes that the voucher expressly identified Appellee as the recipient of the gift voucher and Son included a note on the voucher describing it as a "gift" to Appellee.  Groupon's Brief at 36.  Groupon further highlights that Appellee repeatedly admitted in her complaint and response to Groupon's preliminary objections that the voucher was a gift to her.  *Id.*

[7] In light of our disposition, we need not address Groupon's remaining issues.

[8] We note that it was not until Appellee filed her brief in this appeal that Appellee argued that enforcement of the arbitration agreement violates her constitutional right to a jury trial because she did not affirmatively waive that right and had no knowledge that she was waiving it.  *See* Appellee's Brief at 11-12 (citing **Pisano**, 77 A.3d at 661-62 (explaining that "compelling arbitration upon individuals who did not waive their right to a jury trial would infringe upon wrongful death claimants' constitutional rights.")).  Because Appellee did not raise this constitutional claim before the trial court it is waived.  *See* Pa.R.A.P. 302 ("Issues not raised in the lower
*(Footnote Continued Next Page)*

- 8 -

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022

---

*(Footnote Continued)* ————————

court are waived and cannot be raised for the first time on appeal.). ***See also In re Adoption of K.M.G.***, 219 A.3d 662, 668 (Pa. Super. 2019) ("[T]he Superior Court cannot address constitutional issues *sua sponte*.")