J-A23018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DILLON WAUGH AND DARIUS W. MITCHELL | : | No. 1737 MDA 2023 |
| | : | |
| APPEAL OF: DARIUS W. MITCHELL | : | |

Appeal from the Order Dated October 30, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2022-SU-002253

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:              **FILED: DECEMBER 30, 2024**

Appellant, Darius W. Mitchell, appeals from the October 30, 2023 order entered in the Court of Common Pleas of York County that overruled his preliminary objections to the joinder complaint filed by Dillon Waugh ("Waugh").  We vacate the order and remand the case for further proceedings consistent with this memorandum.

The trial court summarized the factual and procedural history as follows:

On [] March 29, 2021, [] a collision [] occurred between [] an individual insured by State Farm [Mutual Automobile Insurance Company ("State Farm")], and Waugh in New Salem Boro, [York County,] Pennsylvania.  [The collision also involved a police vehicle operated by Appellant.]  The collision resulted in State Farm's insured[] sustaining property damage and out-of-pocket costs.  [T]he total amount of losses [was] $7,269.00.  Pursuant to an insurance contract, State Farm was obligated to pay its insured[] the total amount of losses.

On September 19, 2022, State Farm [] initiated a suit against [Waugh] by filing a complaint in civil action in the Court of Common Pleas of York County, Pennsylvania. [The complaint alleged that Waugh's negligence was the sole cause of the collision.] Waugh [] filed an answer with new matter on December 9, 2022. State Farm filed a reply to new matter on December 12, 2022. On March 15, 2023, Waugh filed a motion for leave to file a joinder complaint [against Appellant. State Farm concurred in Waugh's motion for leave to file a joinder complaint.] In accordance with the [trial] court's March 16, 2023[] order granting Waugh's motion for leave, a joinder complaint was then filed on March 21, 2023, adding [Appellant] as an additional defendant. On April 19, 2023, [Appellant] filed preliminary objections to the joinder complaint along with a brief in support. On May 18, 2023, Waugh filed a [reply, as well as a brief,] in opposition [to Appellant's preliminary objections.]

Trial Court Opinion, 10/30/23, at 1-2 (extraneous capitalization omitted, sequence of text modified).[1]

In his preliminary objections, Appellant asserted that "the parties previously agreed to a form of alternative dispute resolution" and that Waugh's allegations of Appellant's negligence contained in the joinder complaint were not "sufficiently specific." Appellant's Preliminary Objections, 4/19/23, at ¶¶12 and 50, *citing* Pa.R.Civ.P. 1028(a)(3) and (a)(6). On October 30, 2023, the trial court overruled Appellant's preliminary objections. Appellant filed a motion for reconsideration, as well as a notice of appeal, on

_____

[1] For ease of reference, we have assigned page numbers to the trial court's unpaginated opinion.

November 6, 2023.[2] On November 20, 2023, the trial court denied Appellant's motion for reconsideration.

Appellant raises the following issues for our review:[3]

1. Did the trial court erroneously overrule [Appellant's] preliminary objections to compel arbitration by (a) applying the wrong legal standard, (b) ruling that the request was premature, and (c) refusing to consider evidence or discovery?

2. Did the trial court erroneously permit [Waugh] to demand proof of an agreement to arbitrate when responding to [Appellant's] preliminary objections?

3. Did the trial court err in concluding that it would not compel arbitration based on [its] conclusion that [Appellant], an alleged joint tortfeasor, is an indispensable party?

Appellant's Brief at 6.

Collectively, Appellant challenges the trial court's order overruling his preliminary objection to compel arbitration.[4] *Id.* at 16-34.

_____

[2] Appellant filed his notice of appeal with the Commonwealth Court of Pennsylvania. In a *per curiam* order filed November 29, 2023, the Commonwealth Court transferred the appeal to this Court, noting that "it appears that this is a civil action between private individuals/entities and not within the appellate jurisdiction of the Commonwealth Court." *Per Curiam* Order (1288 C.D. 2023), 11/29/23. A copy of the November 29, 2023 *per curiam* order, as well as a copy of Appellant's notice of appeal, were docketed with this Court on December 21, 2023.

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] Typically, "[a]n order overruling preliminary objections is an interlocutory order. The law is clear, however, that an order overruling preliminary

- 3 -

> [O]ur review of a claim that the trial court improperly denied preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition.

*Cardinal v. Kindred Healthcare, Inc.*, 155 A.3d 46, 49-50 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1063 (Pa. 2017). In our review, "we employ a two-part test to determine whether the trial court should have compelled arbitration. First, we examine whether a valid agreement to arbitrate exists. [If such an agreement exists, then] we must determine whether the dispute is within the scope of the agreement." *Griest v. Griest*, 183 A.3d 1015, 1022 (Pa. Super. 2018). "Whether a written contract includes an arbitration agreement and whether the parties' dispute is within the scope of the arbitration agreement are questions of law subject to this Court's plenary review." *Atkinson*, 231 A.3d at 898. "Both Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements. Accordingly, if a valid agreement to arbitrate exists and the dispute falls within the scope of the arbitration agreement, the dispute must be submitted to arbitration and the [trial] court's denial of arbitration must be reversed." *Id.* (citations omitted).

---

objections that seek to compel arbitration is an interlocutory order appealable as of right pursuant to 42 Pa.C.S.[A.] § 7320(a)(1) and Pa.R.A.P. 311(a)(8)." *In re Est. of Atkinson*, 231 A.3d 891, 897 (Pa. Super. 2020) (citations omitted).

Here, Appellant asserts that the trial court incorrectly applied the demurrer standard (all material facts in the challenged pleading, as well as reasonable inferences to be drawn, are admitted as true) when the trial court "found the request to compel arbitration – a jurisdictional threshold issue – to be premature." Appellant's Brief at 21. Appellant argues that the trial court failed to recognize its obligation to consider evidence, extraneous to the challenged pleading, in resolving Appellant's request to compel arbitration. *Id.* at 22-23. Appellant contends that the trial court was required to permit discovery to resolve the request to compel arbitration. *Id.* at 24-25.

In overruling Appellant's preliminary objection to compel arbitration, the trial court explained,

> when a [trial] court is reviewing preliminary objections, all material facts and reasonable inferences that can be drawn from them are admitted as true.[5] However, a [trial] court does not have to accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. If the [trial] court [granted Appellant's] preliminary objection on this matter, the [trial] court would have to accept as a proven fact that there is an arbitration agreement that has been executed between all of the relevant parties. However, at this present moment, the [trial]

---

[5] "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections [in the nature of a demurrer], all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom." **Richmond v. McHale**, 35 A.3d 779, 783 (Pa. Super. 2012).

To the extent that the trial court applied the standard for evaluating a preliminary objection in the nature of a demurrer in the case *sub judice* where the preliminary objection challenged the jurisdiction of the trial court to adjudicate the matter, we find the trial court's reliance to be misplaced.

- 5 -

court has only the assertions that have been made by [Appellant. The trial] court finds that the case is in a premature state, and therefore[,] is not ripe for a decision on preliminary objections regarding an alternative dispute resolution.

Trial Court Opinion, 10/30/23, at 5 (citation, quotation marks, and extraneous capitalization omitted).

We find the circumstances of the case *sub judice* to be analogous to those before this Court in ***Davis v. Center Mgmt. Grp., LLC***, 192 A.3d 173 (Pa. Super. 2018). Similar to the appellant in ***Davis***, ***supra***, Appellant in the case *sub judice* asserted in his preliminary objections that a valid agreement for alternate dispute resolution existed between the parties. ***See*** Preliminary Objections, 4/19/23, at ¶¶11-43; ***see also Davis***, 192 A.3d at 183. Likewise, the opposing party (Waugh, in the case *sub judice*) denied that a valid agreement existed. ***See*** Waugh's Opposition to Preliminary Objections, 5/18/23, at ¶¶11-43; ***see also Davis***, 192 A.3d at 183. The ***Davis*** Court held that,

the trial court was required to determine, at the time it ruled upon [the] preliminary objections, whether the parties had a valid agreement to arbitrate. Moreover, [if] the trial court required additional facts to make such a determination, it should have considered "evidence by deposition or otherwise."

***Davis***, 192 A.3d at 183, *citing* Pa.R.Civ.P. 1028(c)(2). The ***Davis*** Court found that "the trial court's failure to determine whether the dispute was arbitrable at the preliminary objection stage was an abuse of discretion." ***Davis***, 192 A.3d at 182.

In the case *sub judice*, Appellant's assertion as to the existence of an agreement to submit the matter to alternate dispute resolution, and Waugh's denial of the same, raised a question of fact for which the trial court was required to consider evidence tangential to the pleadings including, *inter alia*, deposition testimony and other evidence obtained through discovery. **See Davis**, 192 A.3d at 183. Instead, the trial court considered the existence of a valid arbitration agreement to be premature and not ripe for resolution at the preliminary objection stage. We find the trial court's failure to determine the arbitrability of the matter at the preliminary objection stage to be a clear abuse of discretion. **Id.** As such, we vacate the October 30, 2023 order and remand this case for the trial court to consider Appellant's preliminary objections consistent with Rule 1028(c)(2) and to determine whether, or not, a valid agreement to submit this matter to alternate dispute resolution exists between the parties. In so doing, the trial court shall permit the parties to engage in discovery to construct a record upon which the trial court may base its determination.[6]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[6] If the trial court ultimately determines that an arbitration agreement exists and that the underlying dispute falls within the scope of the arbitration agreement, then Appellant may revisit the issue of whether he is entitled to recover statutory interest, expenses, and attorney's fees.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024