J-A19005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AARON SCHNIZER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAFTED SUPPLY COMPANY, LLC | : | |
| AND STEVE KUHN FLOORING, LLC | : | |
| | : | No. 166 WDA 2025 |
| | : | |
| APPEAL OF: CRAFTED SUPPLY | : | |
| COMPANY, LLC | : | |

Appeal from the Order Entered January 23, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-24-010555

BEFORE: BOWES, J., STABILE, J., and BENDER, P.J.E.

CONCURRING MEMORANDUM BY BOWES, J.: **FILED: FEBRUARY 26, 2026**

While I agree with my esteemed colleagues that we should affirm the trial court's order overruling the preliminary objections ("POs") filed by Crafted Supply Company, LLC ("Crafted"), I would do so on different grounds. Specifically, I would hold that Crafted failed to present the trial court or us with a competent evidentiary record to consider its request to compel arbitration. Accordingly, I respectfully concur.

The Majority aptly recites the factual and procedural background of this matter, so I do not do so at length here. It is sufficient to recount that through his second amended complaint, Aaron Schnizer purports to have entered into an agreement with Crafted for the delivery of wood flooring, as evidenced by the unexecuted flooring estimate attached as Exhibit A. This document

contains an arbitration clause. Crafted filed POs seeking, *inter alia*, to enforce that provision, but it did not request discovery or a hearing, and did not otherwise offer any evidence to support its contention that the parties had a valid agreement to arbitrate Mr. Schnizer's claims against it. Instead, it relied solely upon the averments of the complaint and the language of the unsigned agreement. The trial court overruled Crafted's POs, broadly expressing that it was "not free and clear of doubt at this stage" as to the applicability of a choice of law clause in the agreement and its effect of the remaining POs. *See* Order of Court, 1/23/25.

Crafted's sole challenge on appeal relates to the trial court's decision not to order the case to arbitration. We have reiterated the pertinent law as follows:

> Our standard of review of a claim that the trial court improperly overruled preliminary objections in the nature of a petition to compel arbitration is clear. Our review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition.
>
> In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. First, we examine whether a valid agreement to arbitrate exists. Second, we must determine whether the dispute is within the scope of the agreement.

*Fineman, Krekstein & Harris, P.C. v. Perr*, 278 A.3d 385, 389 (Pa.Super. 2022) (cleaned up).

In its Pa.R.A.P. 1925(a) opinion, the trial court first and foremost maintained that Crafted was not entitled to relief because it had not adduced

evidence of a binding agreement to arbitrate, as was its burden.  Particularly, it determined that the company's "decision to forgo discovery and accept the facts as pled in [Mr.] Schnizer's complaint [was] an error."  ***See*** Trial Court Opinion, 3/5/25, at 4.

In that regard, we have held:

> [P]reliminary objections in the nature of a petition to compel arbitration filed pursuant to Pa.R.Civ.P. 1028(a)(6) cannot be determined from facts of record.  ***See*** [Pa.R.Civ.P. 1028], Note ("Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record.  In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).").  In other words, a dispute raising an issue under [Rule 1028(a)(6] cannot be resolved by reference to facts pled in the complaint.  Additional evidence is required.

***Davis v. Center Management Group, LLC***, 192 A.3d 173, 183 (Pa.Super. 2018) (citations altered; some citations and quotation marks omitted).

The trial court noted that the POs "lack[ed] both a notice to plead and an affidavit attesting to the validity of the contract and its alleged arbitration clause."  ***See*** Trial Court Opinion, 3/5/25, at 4.  It further opined that Mr. "Schnizer never signed the contract, and Crafted . . . fail[ed] to allege any factual basis or legal theory to explain why [Mr.] Schnizer's signature was not required for the agreement to be fully enforceable."  ***Id***.  Thus, the court concluded that Crafted's failure to provide any evidence concerning the operability of the underlying contract or arbitration clause warranted denial of the request.  ***Id***. at 5.

In reliance of its determination, the court cited one of our non-precedential decisions, **Calfo v. Jones**, 313 A.3d 193, 2024 WL 209319 (Pa.Super. 2024) (non-precedential decision).  In that case, a son sued his mother for various claims and attached two unexecuted operating agreements to the complaint, both of which contained arbitration provisions.  The mother filed POs in the nature of a petition to compel arbitration, relying solely on the complaint and unexecuted agreements.  The trial court overruled the POs and we affirmed on appeal.

Specifically, we highlighted that, pursuant to Rule 1028, POs seeking to compel arbitration "placed the burden of production and persuasion upon [the mother] to offer competent evidence—by affidavits, requests for admissions, depositions, or a hearing—to convince the trial court that an agreement to arbitrate existed."  **Id**. at *4.  We further noted that unlike with demurrers, where the court may only rely on information contained within the pleadings, "[t]he complaint is not competent evidence for purposes of [POs] brought under Pa.R.Civ.P. 1028(a)(6)."  **Id**.  Hence, we concluded that the mother's "failure to offer any proof [wa]s fatal to her [POs], because it [wa]s entirely possible that **neither** of the [unexecuted operating agreements wa]s operable."  **Id**. (emphasis in original).

In my view, this same logic applies to the case *sub judice*.  Crafted had the burden to introduce some form of evidence, whether through affidavits, requests for admissions, depositions, or testimony at a hearing, to convince the trial court that there was a binding agreement to arbitrate.  Crafted did

not request an evidentiary hearing or the opportunity to conduct discovery, which the trial court stated it would have granted. **See** Trial Court Opinion, 3/5/25, at 5. In essence, Crafted made the same mistake that the defendant did in **Calfo**, relying solely on averments in the complaint and an unexecuted flooring estimate. Further, as the Majority cogently notes, Crafted has expressly conceded on appeal that it is not taking the position that Mr. Schnizer admitted to the enforceability of the contract or its arbitration provision merely by attaching it to the complaint. **See** Majority Memorandum at 10 n.6. Indeed, one of Mr. Schnizer's main contentions in the underlying suit is that various parts of the agreement are unenforceable based on Crafted's failure to comply with the Home Improvement Consumer Protection Act.

For these reasons, I would affirm the trial court's decision to overrule the POs in the nature of a petition to compel arbitration based on Crafted's failure to produce any evidence supporting its position. I therefore would not reach the question of whether Mr. Schnizer was bound by the terms of the unexecuted agreement or otherwise examine the language of Exhibit A to ascertain its enforceability.