J-A02006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MONONGAHELA VALLEY COUNTRY CLUB, MONONGAHELA CEMETERY, GARY FRITCH, FRED RAMSDEN AND TWILA RAMSDEN, HUSBAND AND WIFE, RICHARD BUCHIANERI AND ROSEMARY BUCHIANERI, HUSBAND AND WIFE, MICHAEL VUGRINOVICH AND DARLENE VUGRINOVICH, HUSBAND AND WIFE, PATRICIA KOZON, LEONARD ALEXANDER AND LISA ALEXANDER, HUSBAND AND WIFE, JOHN BELLECINI AND MARGARET BELLECINI, HUSBAND AND WIFE, SCOTT BOORD AND ADELLA BOORD, HUSBAND AND WIFE, KEVIN BRUSNAHAN AND RENEE BRUSNAHAN, HUSBAND AND WIFE, RENEE BRUSNAHAN AND GREGORY DOM PASCARELLA, AS TENANTS IN COMMON, ROY COWDEN AND RANDEE COWDEN, HUSBAND AND WIFE, BRIAN DAVIS, MARTHA MUNIZ, MARY BETH GREGORINI, ODY DICKEY AND LINDA DICKEY, HUSBAND AND WIFE, ANTHONY DIMATTEO, NORMAN DIMATTEO AND NANCY DIMATTEO, HUSBAND AND WIFE, RICHARD SCHUSTER AND MELISSA SCHUSTER, HUSBAND AND WIFE, JOANNA SCHUSTER, DENNIS PELLEGRINI AND CAROL PELLEGRINI, HUSBAND AND WIFE, DONALD PELLEGRINI AND BERNICE PELLEGRINI, HUSBAND AND WIFE, MARK LEACH AND DORETTA LEACH, HUSBAND AND WIFE, THE PELLEGRINI FAMILY REVOCABLE TRUST, ESTATE OF JOSEPH POPP, LINDA FIDANZATO, ROBERT SICKLES, AMY LEAVOR AND VICKI SUTHERLAND | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br>No. 421 WDA 2021 |

J-A02006-22

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| EQT PRODUCTION COMPANY | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered March 10, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s): C-63-CV-2019-5165

|  |  |  |
|---|---|---|
| MONONGAHELA VALLEY COUNTRY CLUB, MONONGAHELA CEMETERY, GARY FRITCH, FRED RAMSDEN AND TWILA RAMSDEN, HUSBAND AND WIFE, RICHARD BUCHIANERI AND ROSEMARY BUCHIANERI, HUSBAND AND WIFE, MICHAEL VUGRINOVICH AND DARLENE VUGRINOVICH, HUSBAND AND WIFE, PATRICIA KOZON, LEONARD ALEXANDER AND LISA ALEXANDER, HUSBAND AND WIFE, JOHN BELLECINI AND MARGARET BELLECINI, HUSBAND AND WIFE, SCOTT BOORD AND ADELLA BOORD, HUSBAND AND WIFE, KEVIN BRUSNAHAN AND RENEE BRUSNAHAN, HUSBAND AND WIFE, RENEE BRUSNAHAN AND GREGORY DOM PASCARELLA, AS TENANTS IN COMMON, ROY COWDEN AND RANDEE COWDEN, HUSBAND AND WIFE, BRIAN DAVIS, MARTHA MUNIZ, MARY BETH GREGORINI, ODY DICKEY AND LINDA DICKEY, HUSBAND AND WIFE, ANTHONY DIMATTEO, NORMAN DIMATTEO AND NANCY DIMATTEO, HUSBAND AND WIFE, RICHARD SCHUSTER AND MELISSA SCHUSTER, HUSBAND AND WIFE, JOANNA SCHUSTER, DENNIS PELLEGRINI AND CAROL | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br>No. 511 WDA 2021 |

- 2 -

PELLEGRINI, HUSBAND AND WIFE, : DONALD PELLEGRINI AND BERNICE : PELLEGRINI, HUSBAND AND WIFE, : MARK LEACH AND DORETTA LEACH, : HUSBAND AND WIFE, THE : PELLEGRINI FAMILY REVOCABLE : TRUST, ESTATE OF JOSEPH POPP, : LINDA FIDANZATO, ROBERT : SICKLES, AMY LEAVOR AND VICKI : SUTHERLAND :
: 
: 
: 
v. :
: 
: 
: 
EQT PRODUCTION COMPANY :
: 

Appellant

Appeal from the Order Entered March 31, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2019-5165

BEFORE: OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: FEBRUARY 25, 2022**

In this consolidated appeal, Appellant, EQT Production Company, appeals the March 10, 2021 order overruling, in part, its preliminary objections to the third-amended complaint filed by Monongahela Valley Country Club, Monongahela Cemetery, Gary Fritch, Fred and Twila Ramsden, Richard and Rosemary Buchianeri, Michael and Darlene Vugrinovich, Patricia Kozon, Leonard and Lisa Alexander, John and Margaret Bellecini, Scott and Adella Boord, Kevin and Renee Brusnahan, as husband and wife, Renee

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

Brusnahan and Gregory Dom Pascarella, as tenants in common, Roy and Randee Cowden, Brian Davis, Martha Muniz, Mary Beth Gregorini, Ody and Linda Dickey, Anthony Dimatteo, Norman and Nancy Dimatteo, Richard and Melissa Schuster, Joanna Schuster, Dennis and Carol Pellegrini, Donald and Bernice Pellegrini, Mark and Doretta Leach, The Pellegrini Family Revocable Trust, the Estate of Joseph Popp, Linda Fidanzato, Robert Sickles, Amy Leavor, and Vicki Sutherland (collectively "Appellees").[1]  Appellant also appeals from the March 31, 2021 order denying its motion to reconsider the March 10, 2021 order overruling its preliminary objections.  We vacate the March 10, 2021 order, in part, and remand this case for further proceedings in accordance with this memorandum.[2]

A review of the record demonstrates that Appellees are a group of 29 property owners with land-holdings located in either the City of Monongahela

---

[1] The March 10, 2021 order (1) overruled Appellant's motion to strike the third-amended complaint on the ground Appellees failed to comply with the trial court's protective order; (2) overruled Appellant's preliminary objection asserting an agreement to arbitrate; (3) sustained, in part, and overruled, in part, Appellant's *demurrer* to Count I of the third-amended complaint, striking claims for unpaid "delay in marketing" and "shut-in royalty" payments; (4) overruled Appellant's *demurrer* to Counts II, III, and IV; and (5) overruled Appellant's misjoinder objection.  Trial Court Memorandum and Order, 3/10/21, at 22.  On appeal, Appellant challenges the portion of the March 10, 2021 order that overruled the preliminary objection asserting an agreement to arbitrate.

[2] In light of our disposition of the appeal docketed with this Court at 421 WDA 2021, as explained more fully herein, Appellant's appeal of the March 31, 2021 order, docketed with this Court at 511 WDA 2021, is moot.

- 4 -

or Carroll Township, both of which are located in Washington County, Pennsylvania. On various dates, 27 property owners entered into individual oil and gas leases with Chesapeake Appalachia, LLC, and two property owners entered into individual oil and gas leases with KIS Oil & Gas Company, Inc. Thereafter, Appellant succeeded to the interests of Chesapeake Appalachia, LLC and KIS Oil & Gas Company, Inc. with regard to these lease agreements.

On August 27, 2020, Appellees, collectively, filed a third-amended complaint – action for declaratory judgment asserting claims for: breach of contract (Counts I and II), negligent misrepresentation (Count III), and fraudulent misrepresentation (Count IV) arising out of the 29 oil and gas lease agreements. On September 17, 2020, Appellant filed preliminary objections to Appellees' third-amended complaint asserting, *inter alia*, that the trial court lacked jurisdiction over the matter because the lease agreements contained arbitration clauses requiring Appellees to submit their claims to arbitration.[3] **See** Appellant's Preliminary Objections to Third-Amended Complaint, 9/17/20, at 6. Appellant filed a brief in support of its preliminary objections. On October 2, 2020, Appellees filed a response to Appellant's preliminary objections, and, on October 30, 2020, Appellees filed a brief in opposition to Appellant's preliminary objections. The trial court entertained argument on

---

[3] Appellant concedes that the lease agreement involving Monongahela Valley Country Club is not at issue in this appeal because that lease agreement does not contain an agreement to arbitrate. Appellant's Brief at 7 n.2., 32 n.7; **see also** Second-Amended Complaint, 7/22/20, at Exhibit 1z.

Appellant's preliminary objections, and, on March 10, 2021, the trial court, *inter alia*, overruled Appellant's preliminary objection asserting a lack of jurisdiction in the trial court on the ground Appellees agreed to arbitrate the matter.  **See** Trial Court Memorandum and Order, 3/10/21, at 22.

On March 25, 2021, Appellant filed a motion for partial reconsideration of the March 10, 2021 order overruling its preliminary objection as to the agreement to arbitrate.[4]  On March 30, 2021, Appellant filed a notice of appeal of the March 10, 2021 order that, *inter alia*, overruled its preliminary objection pertaining to arbitration.[5]  On March 31, 2021, the trial court denied Appellant's motion for partial reconsideration on the ground that the underlying order had been appealed.  **See** Trial Court Order, 3/31/21 (stating, "[a]s this matter has been appealed, this action shall be stayed pending determination by [this Court]").

On April 1, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) pertaining to the notice of appeal filed March 30, 2021.  On April 21, 2021, Appellant filed a notice of appeal of the March 31, 2021 order denying its

---

[4] Although Appellant filed its motion for partial reconsideration on March 25, 2021, the motion was not presented to the trial court until March 31, 2021. **See** Appellant's Second-Amended Certificate of Presentation, 3/31/2021. Appellant also filed a brief in support of its motion for partial reconsideration on March 31, 2021.

[5] The March 30, 2021 notice of appeal was docketed by this Court at 421 WDA 2021.

motion for partial reconsideration.[6]  On April 22, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) pertaining to Appellant's notice of appeal filed April 21, 2021.  On April 23, 2021, Appellant filed a Rule 1925(b) statement pertaining to the notice of appeal filed March 30, 2021.  On May 17, 2021, Appellant filed a Rule 1925(b) statement pertaining to the notice of appeal filed April 21, 2021.  On July 6, 2021, the trial court filed its Rule 1925(a) opinion, relying, in part, on its March 10, 2021 memorandum and order that, *inter alia*, overruled Appellant's preliminary objection to compel arbitration.

Appellant raises the following issues for our review:

1.  Did the trial court err in failing to consider the lease [agreement] with Monongahela Cemetery that [Appellant] attached to its preliminary objections and[,] instead[,] conclude[ed] that [Appellant] and Monongahela Cemetery were not bound by a valid arbitration agreement pursuant to the incorrect lease [agreement Appellees] attached to their [third-]amended complaint[, by incorporation from their second-amended complaint]?

2.  Did the trial court err in failing to compel the parties to participate in individual, bilateral arbitrations where the 28 individual oil and gas lease[ agreements] at issue between the parties all contain unequivocal language requiring such arbitration?

_____

[6] The notice of appeal filed on April 21, 2021, was docketed by this Court at 511 WDA 2021.  In a May 20, 2021 *per curiam* order, this Court ordered Appellant to show cause why the appeal of the order denying its motion for partial reconsideration should not be quashed.  Appellant filed a response to the rule to show cause on June 2, 2021, and requested this Court consolidate the two appeals.  In a June 25, 2021 *per curiam* order, this Court granted Appellant's request and consolidated the two appeals.

Appellant's Brief at 6-7 (extraneous capitalization omitted).[7]

Preliminarily, we address Appellant's appeal docketed by this Court at 511 WDA 2021, and whether the March 31, 2021 order denying Appellant's motion for partial reconsideration is an appealable order, since the appealability of that order implicates this Court's jurisdiction. **See In re Estate of Atkinson**, 231 A.3d 891, 897 (Pa. Super. 2020) (reiterating that, the appealability of an order implicates this Court's jurisdiction to decide the appeal).

Although an order overruling preliminary objections is an interlocutory order and, generally, is not appealable, Pennsylvania Rule of Appellate Procedure 311(a)(8) provides that, "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties[,]" is appealable as of right without reference to Pennsylvania Rule of Appellate Procedure 341(c). **See** Pa.R.A.P. 311(a)(8); **see also** Pa.R.A.P. 341(c) (stating that, "[i]n the absence of [] a determination [that an immediate appeal of an order entered as to one or more but fewer than all of the claims and parties would facilitate resolution of the entire case] and entry of [that order as] a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order"). Section 7320(a)(1) of the Pennsylvania Uniform Arbitration Act authorizes an appeal of right from an order "denying an

---

[7] For ease of disposition, Appellant's issues have been renumbered.

application to compel arbitration made under [42 Pa.C.S.A. § 7304] (relating to proceedings to compel or stay arbitration)." 42 Pa.C.S.A. § 7320(a)(1). As such, the March 10, 2021 order that overruled Appellant's preliminary objection asserting an agreement to arbitrate is an appealable order. **See Atkinson**, 231 A.3d at 897; **see also** 42 Pa.C.S.A. § 7320(a)(1); Pa.R.A.P. 311(a)(8). Appellant perfected its appeal of the March 10, 2021 order by filing a timely notice of appeal on March 30, 2021, thereby, invoking this Court's jurisdiction. **Cardinal V. Kindred Healthcare, Inc.**, 155 A.3d 46, 49 n.1 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1063 (Pa. 2017).

As to Appellant's appeal of the March 31, 2021 order denying its motion for partial reconsideration,[8] "Pennsylvania case law is absolutely clear that the

_____

[8] Although Appellant appealed the March 10, 2021 order prior to filing its motion for reconsideration, Appellant was still permitted to file its motion for partial reconsideration because said motion was filed within the 30-day period following the entry of the March 10, 2021 order. **See Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc.**, 693 A.2d 242 (Pa. Super. 1997) (stating that, Pennsylvania Rule of Appellate Procedure 1701 "allows the trial court to view its order for up to thirty days, even after an appeal has been filed, if a party files a petition for reconsideration within the 30-day appeal period and the trial court files an order 'expressly granting' reconsideration within the same period"); **see also** Pa.R.A.P. 1701(b)(3) (stating that, after an appeal is taken a trial court may grant reconsideration of the order that is the subject of appeal if a timely motion for reconsideration has been filed and the trial court files an order expressly granting reconsideration within the 30-day period following the entry of the order that it the subject of appeal); **Gardner v. Consolidated Rail Corp.**, 100 A.3d 280, 283 (Pa. Super. 2014) (stating that, "[i]f a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition for reconsideration and the original order" (citation, brackets, and original quotation marks omitted)).

refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." ***Huntington Nat. Bank v. K-Cor, Inc.***, 107 A.3d 783, 787 (Pa. Super. 2014), *appeal denied*, 117 A.3d 1281 (Pa. 2015). Nonetheless, this Court has declined to quash the appeal of a motion to reconsider an order overruling a preliminary objection to compel arbitration in light of its consolidation with the appeal of the underlying order overruling said preliminary objection. ***See Highmark Inc. v. Hosp. Serv. Assoc. of Northeastern Pennsylvania***, 785 A.2d 93, 95 (Pa. Super. 2001), *appeal denied*, 797 A.2d 914 (Pa. 2002). Therefore, we decline to quash Appellant's appeal of the order denying the motion for partial reconsideration as the issues raised therein are properly before this Court as part of the appeal of the underlying order overruling the preliminary objection to compel arbitration and the two appeals have been consolidated. ***Highmark***, 785 A.2d at 95.

Turning to the merits of Appellant's appeal, Appellant's issues challenge an order overruling a preliminary objection to compel arbitration. In such cases, our standard of review is as follows:

> Our review of a claim that the trial court improperly denied preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. We employ a two-part test to determine whether the trial court should have compelled arbitration: (1) whether a valid agreement to arbitrate exists, and (2) whether the dispute is within the scope of the agreement.

***Davis v. Ctr. Mgmt. Group, LLC***, 192 A.3d 173, 180, 182 (Pa. Super. 2018) (citations, quotation marks, and brackets omitted) (stating that, "the issue of whether a party agreed to arbitrate a dispute is a threshold, jurisdictional question that must be decided by the [trial] court"). "Whether a written contract includes an arbitration agreement and whether the parties' dispute is within the scope of the arbitration agreement are questions of law subject to this Court's plenary review." ***Atkinson***, 231 A.3d at 898 (citations omitted).

> Both Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements. Accordingly, if a valid agreement to arbitrate exists and the dispute falls within the scope of the arbitration agreement, the dispute must be submitted to arbitration and the [trial] court's denial of arbitration must be reversed.

***Id.*** (citations omitted); ***see also Davis***, 192 A.3d at 183 (stating that, "[o]ur Supreme Court [in ***Taylor v. Extendicare Health Facilities, Inc.***, 147 A.3d 490 (Pa. 2016)] has instructed courts to 'consider questions of arbitrability with a healthy regard for the federal policy favoring arbitration'").

Initially, we consider Appellant's claim that the trial court erred in relying on the lease agreement between Appellant and Monongahela Cemetery that was attached to Appellee's second-amended complaint, and incorporated into its third-amended complaint by reference, when it overruled Appellant's preliminary objection to compel arbitration.

Pennsylvania Rule of Civil Procedure 1028(c)(2) states that if an issue of fact is raised by the party filing the preliminary objections, the trial court "shall consider evidence by depositions or otherwise." Pa.R.Civ.P. 1028(c)(2).

The official Note to Rule 1028(c)(2) explains that when preliminary objections assert an agreement to arbitrate that "cannot be determined from the facts of record," the trial court must consider evidence by deposition or otherwise in order to resolve the factual issue. *Id.* at Note; *see also Davis*, 192 A.3d at 183 (stating that, an issue raised in a preliminary objection to compel arbitration cannot be resolved by reference to facts pleaded in the complaint alone but, rather, additional evidence is required for the trial court's consideration).

Here, Appellant, in its preliminary objection to compel arbitration, raised an issue of fact pertaining to its lease agreement with Monongahela Cemetery. *See* Appellant's Preliminary Objections to Third-Amended Complaint, 9/17/20, at ¶1 n.1. Specifically, Appellant averred that Appellees relied on an incorrect lease agreement between Monongahela Cemetery and KIS Oil & Gas Company, Inc., which Appellees identified as exhibit 1aa and incorporated by reference into their third-amended complaint. *Id.* Appellant asserted that the correct lease agreement between itself and Monongahela Cemetery was attached to Appellant's preliminary objections to the second-amended complaint as exhibit 1 and incorporated by reference into Appellant's preliminary objections to the third-amended complaint. *Id.* Although Appellant did not include a notice to plead in its preliminary objections to the

third-amended complaint,[9] Appellees, nonetheless filed a response to the preliminary objections in which Appellees denied Appellant's averments.[10]

In addressing the factual issue raised by Appellant in its preliminary objection pertaining to the lease agreement, the trial court stated,

> In [Appellant's] preliminary objections and its brief, [Appellant] included footnote 1, in which [Appellant] stated that [Appellees] attached an incorrect lease [agreement to their third-amended complaint, *via* incorporation. Appellant] then referred [the trial] court to review a different lease [agreement] attached to [Appellant's] preliminary objections to [Appellees'] second[-]amended complaint. However, [the trial] court will not give consideration to the lease [agreement] attached to [Appellant's] prior preliminary objections. The lease [agreement Appellant] referred to was not incorporated into [Appellees'] third[-]amended complaint. Further, [Appellant's] footnote was specifically denied by [Appellees].

Trial Court Memorandum and Order, 3/10/21, at 4-5 n.3.

We concur with the trial court that Appellant raised an issue of fact pertaining to the lease agreement with Monongahela Cemetery in its

---

[9] A preliminary objection to compel arbitration that raises an issue of fact **must** include a notice to plead or no response will be required under Pa.R.Civ.P. 1929(d). **See** Pa.R.Civ.P. 1028(c)(2) at Note; **see also Davis**, 192 A.3d at 183.

[10] Although Appellees did not specifically deny the averments contained in footnote 1 of Appellant's preliminary objections, such a denial may be inferred by Appellees' general statement of denial – "[t]he allegations are specifically denied [in paragraph 1 of the preliminary objections] to the extent that the [lease agreements] speak for themselves." **See** Appellees' Answer to Preliminary Objections, 9/22/20, at ¶1. Moreover, "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.Civ.P. 1029(d).

preliminary objection to compel arbitration, but we find the trial court abused its discretion when it did not consider the lease agreement attached to Appellant's preliminary objections to the second-amended complaint, which was incorporated by reference into Appellant's preliminary objections to the third-amended complaint. *See* Appellant's Preliminary Objections to Third-Amended Complaint, 9/17/20, at 1 n.1 (stating, Appellant "attached what it believes to be the correct [lease agreement] to [its] preliminary objections to the second[-]amended complaint at exhibit 1" (extraneous capitalization omitted)). Because Appellant raised an issue of fact pertaining to which lease agreement - the lease agreement identified by Appellees as Exhibit 1aa and incorporated into their Third-Amended Complaint or the lease agreement attached to Appellant's Preliminary Objections to the Third-Amended Complaint - was the correct lease agreement with Monongahela Cemetery, the trial court was required to consider additional evidence pursuant to Rule 1028(c)(2), and its official Note, or to order the parties to conduct additional discovery necessary to resolve the issue.[11]

A review of Appellees' third-amended complaint reveals that Appellees incorporated by reference the lease agreements that were attached to their second-amended complaint. Third-Amended Complaint, 8/27/20, at ¶1

---

[11] If a trial court requires additional evidence beyond that which is provided to resolve the issue and to rule on the preliminary objection to compel arbitration, the trial court can order the parties to conduct additional discovery. *See Davis*, 192 A.3d at 183 (stating that, the trial court may permit the parties to conduct discovery after receiving preliminary objections).

(stating, the lease agreements, "**being Exhibits 1(a) through 1(cc)**, are attached to the [s]econd[-a]mended [c]omplaint and incorporated by reference for judicial economy" (emphasis added)).  It is clear from Appellees' statement regarding incorporation of the lease agreements that the lease agreement with Monongahela Cemetery, which was identified as Exhibit 1aa in the second-amended complaint, was incorporated into the third-amended complaint.  Moreover, Appellees listed the lease agreement, and identified it as Exhibit 1aa, in paragraph 1 of their third-amended complaint.  *Id.*

Appellees averred that the lease agreement between Appellant and Monongahela Cemetery had a "primary term" of December 27, 2011, to December 27, 2016.  *Id.*  The lease agreement Appellees attached to their third-amended complaint, *via* incorporation, and marked as Exhibit 1aa, however, was dated September 27, 2006.  *See* Second-Amended Complaint, 7/22/20, at Exhibit 1aa.  The lease agreement marked as Exhibit 1aa stated that it was for a term of 5 years, which meant that the lease agreement expired on September 27, 2011.

The lease agreement that Appellant attached to its preliminary objections to the third-amended complaint, *vis-à-vis* incorporation of the exhibit attached to its preliminary objections to the second-amended complaint, reveals that the lease agreement's primary term was from December 27, 2011, to December 27, 2016, which aligns with the averment

made by Appellees in their third-amended complaint.[12]  Thus, when Appellees'

averments contained in their third-amended complaint are considered in

conjunction with the evidence submitted by Appellant, we find the trial court

abused its discretion and erred by considering the terms of the lease

agreement identified as exhibit 1aa, and attached to Appellees'

second-amended complaint, when it overruled Appellant's preliminary

objection to compel arbitration.  The lease agreement between Appellant and

Monongahela Cemetery pertinent to the case *sub judice* is the lease

agreement attached to Appellant's preliminary objections to the

second-amended complaint, and we shall consider the same in addressing

Appellant's remaining issue.  We note that the significant difference between

the two lease agreements pertinent to the instant appeal is that the lease

agreement provided by Appellant as part of its preliminary objections to the

third-amended complaint contains an agreement to arbitrate clause, as more

fully discussed *infra*.

In its remaining issue, Appellant challenges a trial court order overruling

its preliminary objection to compel arbitration.  To reiterate, our scope of

review is plenary, and we review the order overruling a preliminary objection

---

[12] Specifically, the primary term of the lease agreement between Appellant and Monongahela Cemetery was from 12:00 a.m. on December 27, 2011, to 11:59 p.m. on December 26, 2016.  *See* Appellant's Preliminary Objections to Second-Amended Complaint, 8/10/20, at Exhibit 1.

to compel arbitration for abuse of discretion. *See Davis*, 192 A.3d at 182; *see also Atkinson*, 231 A.3d at 898.

Here, Appellant asserts that, "this case is not a class action, and therefore, there is no impetus to send the parties to class arbitration." Appellant's Brief at 19 (emphasis omitted). Appellant contends that the trial court "simply assumed that if there could be no class arbitration[,] there could be no arbitration at all, and forced the parties further down the litigation path, even though that is not what [the parties] agreed to." *Id.* at 18. Appellant argues that the trial court "misinterpreted *Stolt-Nielsen [S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010),] and its progeny[,] as standing for the proposition that neither class nor individual arbitration is permitted in cases involving claims by multiple plaintiffs who agreed to separate arbitration provisions in separate leases that are silent about class arbitration." *Id.* at 19. Appellant asserts that 28 of the lease agreements contained "a valid arbitration agreement that compelled individual arbitrations" and that the trial court erred in failing to compel individual, bilateral arbitration. *Id.* at 29.

Appellees assert that "[j]udicial economy requires that the parties participate in one group or class litigation [] rather than 28 separate and distinct arbitration proceedings."[13] Appellees' Brief at 10. Appellees

---

[13] Appellee, by reference to 28 lease agreements, concedes that the lease agreement between Appellant and Monongahela Valley Country Club is not part of the instant appeal.

acknowledge that their third-amended complaint was filed as a group cause of action involving 29 individual party-plaintiffs but assert that they anticipate that their group cause of action will become a class action in the future.[14] *Id.* at 9.

---

[14] We cannot agree with Appellees' assertion that the instant cause of action will become a class action in the future.  Pennsylvania Rule of Civil Procedure 1704 requires, at the outset, that the complaint include in its caption the designation "Class Action."  Pa.R.Civ.P. 1704(a).  Rule 1704(b) requires, *inter alia*, that "[t]he complaint shall contain under a separate heading, styled "Class Action Allegations," averments of fact in support of the prerequisites of Rule 1702[.]"  Pa.R.Civ.P. 1704(b).  The averments of fact in support of the prerequisites of Rule 1702 include averments that,

(1)   the class is so numerous that joinder of all members is impracticable;
(2)   there are questions of law or fact common to the class;
(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class;
(4)   the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and
(5)   a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.Civ.P. 1702.

A review of Appellees' third-amended complaint demonstrates that, while they may "anticipate" that their group cause of action will become a class action in the future, they failed to include the necessary requirements for that designation in their current complaint.  As such, the current cause of action is unable to become a class action and, instead, is, and will remain, simply a cause of action with multiple plaintiffs.

In their brief, Appellees further contend that "prior to filing [its] motion for partial reconsideration, Appellant asserted that the [trial] court should compel Appellees to participate in a group or class arbitration proceeding."  Appellees'

_____

Brief at 8 (extraneous capitalization omitted).  Appellees fail to cite to the record where we may find support for this assertion.

Rather, a review of Appellant's preliminary objections to the third-amended complaint demonstrates that Appellant sought to compel arbitration, and did not specifically state that it was seeking class action arbitration.  Appellant's averments in support of its request to compel arbitration are as follows:

> 23. The [trial] court lacks jurisdiction because [Appellees] agreed to arbitrate their claims under the [lease agreements].
> 24. There is a strong public policy favoring arbitration in [the] Commonwealth [of Pennsylvania].
> 25. The [lease agreements] contain a valid arbitration agreement.
> 26. [Appellees'] claims fall within the arbitration clause of the [lease agreements.]

Appellant's Preliminary Objections to Third-Amended Complaint, 9/17/20, at ¶¶23-26 (extraneous capitalization omitted).  Moreover, in its brief in support of its preliminary objections to the third-amended complaint, Appellant argues,

> [Appellees] have misjoined what are in effect [116] separate causes of action, *i.e.*, two [] breach of contract claims, a negligent misrepresentation claim, and an intentional misrepresentation claim for [29] separate [lease agreements] because **they do not arise out of the same transaction or occurrence and do not involve common questions of fact or law.**  Whether [Appellant] breached and made misrepresentations related to [29 lease agreements,] in multiple different ways for each [lease agreement], and if so, each [Appellee's] measure of damages requires individualized inquiry into specific facts and precludes resolving all of [Appellees'] claims in one action.

Appellant's Brief in Support of Preliminary Objections to Third-Amended Complaint, 9/17/20, at 2.  To reiterate, "the ship has sailed" on Appellees' ability to bring a class action lawsuit in the instant case, and it is apparent from Appellant's averments and argument that they were not seeking class action arbitration.

- 19 -

The trial court found that Appellant's lease agreements with Monongahela Valley Country Club (exhibit 1z) and Monongahela Cemetery (exhibit 1aa) did not contain agreements to arbitrate. Trial Court Memorandum and Order, 3/10/21, at 5-6. Regarding the 27 remaining leases (Exhibits 1a-1y and 1bb-1cc), the trial court found that each lease agreement contained an agreement to arbitrate with 21 of the lease agreements having the same arbitration clause and 6 lease agreements having a modified arbitration clause. *Id.* at 4-6. In overruling Appellant's preliminary objection to compel arbitration, the trial court explained,

> With regard to these 27 [] lease[ agreements, Appellees] argue that the arbitration provision is not enforceable because this is class action litigation.
>
> . . .
>
> [T]he 27 [lease agreements], in this case, make no express mention of "arbitration for a wider group." The two [] lease[ agreements, those being the lease agreements involving Monongahela Valley Country Club and Monongahela Cemetery,] contain no provision requiring arbitration. Therefore, [Appellees'] lease[ agreements] do not include an enforceable provision to arbitrate wider group claims such as those they are advancing in this action.

*Id.* at 6-7. In other words, the trial court held that because Appellees represented that this case was, or would become, a class action, and the lease agreements either did not contain an agreement to arbitrate or contained an agreement to arbitrate but not in a class action, the trial court could not enforce a class action arbitration. *See id.* at 6 (stating, "[i]ndeed, a party may not be compelled to submit to class arbitration unless there is a

contractual basis for concluding that the party agreed to do so"), *relying on*, ***Stolt-Nielsen***, ***supra***.

A review of the record demonstrates that the various lease agreements contain the following arbitration clauses:

> In the event of a disagreement between Lessor and Lessee concerning this Lease, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

***See*** Second-Amended Complaint, 7/22/20, at Exhibits 1a, 1b, 1c,[15] 1d, 1e, 1f, 1g, 1h,[16] 1i, 1k, 1l, 1m (as to parcel 420-011-00-02-0003-00), 1o,[17] 1p, 1q, 1r, 1s, 1t, 1v, 1x, 1y, and 1bb.

> In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined

---

[15] The exhibits attached to the second-amended complaint contain three lease agreements marked "1c," each pertaining to a different parcel of land but having the same Lessors. All three lease agreements contain the same arbitration clause, as depicted *supra*.

[16] The exhibits attached to the second-amended complaint contain two lease agreements marked "1h," each pertaining to a different parcel of land but having the same Lessors. Both lease agreements contain the same arbitration clause, as depicted *supra*.

[17] The exhibits attached to the second-amended complaint contain two lease agreements marked "1o," each pertaining to a different parcel of land but having the same Lessors. Both lease agreements contain the same arbitration clause, as depicted *supra*.

by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive remedy and cover all disputes, including but not limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

*See* Second-Amended Complaint, 7/22/20, at Exhibits 1j, 1m (as to parcel 420-011-00-02-0002-00), 1n, 1u, 1w, and 1cc; *see also* Appellant's Preliminary Objections to Second-Amended Complaint, 8/10/20, at Exhibit 1.

A review of the lease agreements pertinent to 28 of the party-plaintiffs, excluding only the lease agreement involving Monongahela Valley Country Club, demonstrates that each party-plaintiff and Appellant had a valid agreement to arbitrate. Moreover, the arbitration clauses, by including the statement "In the event of a disagreement between Lessor and Lessee concerning this Lease," required Appellees to submit all disputes involving the lease agreements to arbitration. Therefore, Appellees causes of action for breach of contract arising from a failure to pay "delay rental" payments and "additional bonus money/rent", negligent misrepresentation of the continuing existence of a valid lease agreement, and fraudulent misrepresentation of the continuing existence of a valid lease agreement fall within the scope of the arbitration agreement. Consequently, Appellees, excluding Monongahela Valley Country Club, are required to submit their claims to arbitration and are not permitted to bring them before the Court of Common Pleas of Washington County at this time. As such, we find the trial court abused its discretion and

erroneously applied the law in overruling Appellant's preliminary objection to compel arbitration as to 28 of the party-plaintiffs.

We vacate, in part, the trial court's March 10, 2021 order as it pertains to the overruling of Appellant's preliminary objection to compel arbitration as to the 28 party-plaintiffs. We remand this case to the trial court with the instruction to enter an order sustaining the preliminary objection to compel arbitration in accordance with this memorandum. The 28 party-plaintiffs are required to submit their causes of action to arbitration.

Order vacated, in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2022